## RIGGS *v.* BAGLEY.

In a writ under seal, the seal should be named or referred to in the attestation.

### *Error to Jackson District Court.*

*Opinion by* GREENE, J.   This case was commenced in the district court, and on motion the writ was quashed on the ground of having been insufficiently attested.

The objection presented to the writ, consists in the fact that there is no reference in it, or in its attestation, to the seal of the court. · It concludes in these words:

"Witness, Frederick Scarborough clerk of our said court at Belleview, this third day of May, A. D. 1849.

(Attest)                    FRED. SCARBOROUGH,
        *Clerk of District Court, Jackson Co., Iowa.*"

The seal of the court without being in any way named or referred to, is impressed upon a corner of the writ.

It is contended, that the court erred in thus quashing the writ and dismissing the suit; that as courts of general jurisdiction are bound to know and recognize their own seals by the impression from them, there is no necessity for naming, or referring to them in any portion of the instrument, to which they are attached.

The defect in the writ may be regarded as technical, merely formal; as one which might properly have been conditionally amended on motion in the court below; but

still it is a defect, an omission in the established form of a writ, which should not be overlooked.

There is perhaps, no form of judicial proceeding that can be traced to greater antiquity, than that of referring to the seal in the attestation of sealed instruments. And this form has continuously prevailed; especially in authenticating all public precepts and judicial process under seal.

We are not tenacious to this form, merely because it bears a vestige of olden times, nor merely because it is generally recognized by courts of record; but we adhere to it especially, because it contains marks of propriety and utility.

It is true, as is urged, that the seal of the district court proves itself, but it does not of itself prove that it was affixed by the proper officer, or by authority. The clerk is the keeper of the seal; he alone is authorized to use it; and upon affixing the seal officially to any process, he should attest the fact over his own signature.

There is, we conclude, a propriety in this form of attestation, because it uniformly prevails, and is looked for in every genuine writ, and there is a utility in it, because it is one of the safeguards against surreptitious authentications.

Ministerial officers of courts, are too much inclined to depart from established forms and fixed rules. Innovation is not within the province of their duties, nor can they be justified by us in any deviation from forms well known, and regulations long defined.

Judgment affirmed.

*Wilson & Smith*, for plaintiff in error.

*Lovell & Samuels*, for defendant.